ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL RESPONSE TO THREE QUESTIONS REGARDING THE SHERIFF'S SERVICE FEE ACCOUNT. ATTORNEY GENERAL HENRY HAS ASKED THAT I RESPOND TO YOUR REQUEST.
YOUR REQUEST POSES THE FOLLOWING QUESTIONS:
 1. DO THE PROVISIONS OF SECTION 2 OF THE ACT REQUIRE THAT THE ARREST BE MADE BY A SHERIFF IN ORDER FOR THE FIVE-DOLLAR ALLOTMENT TO BE PAID TO THE SHERIFF'S SERVICE FEE ACCOUNT?
 2. IS THERE ANY RESTRICTION ON PAYMENT TO THE SHERIFF'S SERVICE FEE ACCOUNT BASED ON THE TYPE OF CRIMINAL ACTIVITY WHICH IS THE BASIS FOR THE ARREST?
3. IS THE FEE TO BE PAID FOR BENCH WARRANTS?
YOUR REQUEST REQUIRES A REVIEW OF H.B. NO. 2213 OF THE SECOND REGULAR SESSION OF THE FORTY-SECOND LEGISLATURE. H.B. NUMBER 2213 APPEARS IN CHAPTER 151, SECTION 2 OF THE SESSION LAWS FOR THE 1990 SECOND REGULAR SESSION. THAT BILL CREATED A NEW LAW TO BE CODIFIED AT 28 O.S. 153.2 WHICH READS AS FOLLOWS:
 "IN ANY CRIMINAL CASE IN WHICH A DEFENDANT IS ARRESTED FOR A VIOLATION OF STATE LAW, FIVE DOLLAR, S ($5.00) OF THE COSTS CHARGED IN SAID CASE AS PROVIDED FOR IN 28 O.S. 153 OF TITLE 28 OF THE OKLAHOMA STATUTES SHALL BE PAID TO THE SHERIFF'S SERVICE FEE ACCOUNT OF THE SHERIFF OF THE COUNTY IN WHICH THE ARREST WAS MADE. THIS FEE SHALL BE IN ADDITION TO THE FEE AUTHORIZED BY SECTION 153 OF TITLE 28 OF THE OKLAHOMA STATUTES AND SHALL BE USED TO DEFER THE COSTS ASSOCIATED WITH ARREST."
AS THE ANSWER TO YOUR INQUIRY CAN BE DERIVED FROM A REVIEW OF THE STATUTE IN QUESTION, AN OFFICIAL OPINION OF THE ATTORNEY GENERAL DOES NOT APPEAR TO BE NECESSARY.
WITH REGARD TO YOUR FIRST QUESTION, THE STATUTE DOES NOT APPEAR TO REQUIRE THAT AN ARREST BE MADE BY THE SHERIFF IN ORDER FOR THE FIVE DOLLAR ($5.00) ALLOTMENT TO BE PAID TO THE SHERIFF'S SERVICE FEE ACCOUNT. THE OPENING SENTENCE OF THE STATUTE IS "IN ANY CRIMINAL CASE IN WHICH A DEFENDANT IS ARRESTED. . . . THE STATED PURPOSE OF THE SERVICE FEE ACCOUNT IS TO DEFER THE COSTS ASSOCIATED WITH ARREST. N THE STATUTE SEEMS TO BE REFERRING TO COSTS OF ARREST IN GENERAL RATHER THAN THE COSTS OF ANY PARTICULAR ARREST. THUS, THERE IS NOTHING IN THE STATUTE WHICH LEADS TO AN INTERPRETATION WHICH WOULD LIMIT IMPOSITION OF THE FEE TO ARRESTS ACTUALLY MADE BY THE SHERIFF'S OFFICES.
TURNING TO YOUR SECOND QUESTION, THE STATUTE ALSO CONTAINS NO RESTRICTION BASED ON THE TYPE OF CRIMINAL ACTIVITY FOR WHICH THE ARREST IS MADE. ("IN ANY CRIMINAL CASE. . . .")
FINALLY, THE FEE DOES NOT APPEAR TO BE APPLICABLE TO ARRESTS MADE PURSUANT TO A BENCH WARRANT. THE FIRST CLAUSE OF 28 O.S. 153.2 MAKES THE FEE APPLICABLE WHERE A "DEFENDANT IS ARRESTED FOR A VIOLATION OF STATE LAW." UNDER 22 O.S. 454, A BENCH WARRANT IS ISSUED BY A COURT FOR THE DEFENDANT'S FAILURE TO OBEY AN ORDER OF THE COURT TO APPEAR AT A CERTAIN TIME. IT IS NOT ISSUED FOR A "VIOLATION OF STATE LAW." THUS, IN THE OPINION OF THE UNDERSIGNED, THE FEE AUTHORIZED BY 28 O.S. 153.2 IS NOT APPLICABLE TO AN ARREST PURSUANT TO A BENCH WARRANT.
(SHARON K. O'ROKE)